IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ROGER D. SHEPARD,

    Plaintiff,

v.     Civil Action No. 1:17-cv-1055

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on both Plaintiff and Defendants' Motions for Summary Judgment.

Plaintiff was a former employee of The Turner Corporation where he worked as a Senior Construction Superintendent. On November 22, 2011, while still employed with Turner, Plaintiff was injured in a motor accident. Following the accident, an emergency physician tightly placed a neck brace on him resulting in additional injury.

Plaintiff returned to work after the accident but by early 2013 his condition had deteriorated. In August 2013, Plaintiff filed for short term disability benefits under Liberty Life Assurance's Group Disability Income Policy. As part of the records Plaintiff submitted to Liberty for his claim, he included a report from one of his treating doctors, Dr. Crouse,

recommending that Plaintiff pursue long term disability. Dr. Crouse reported that Plaintiff suffered from a variety of cognitive disorders due to brain injury.

Liberty granted Plaintiff short term disability benefits but requested additional records from one of Plaintiff's doctors, in addition to having its own doctors review Plaintiff's reports. On November 27, 2013, Liberty temporarily granted Plaintiff long term disability while continuing its investigation. Liberty's reviewers found that there was insufficient evidence to support a diagnosis of cognitive disorder due to brain injury. They concluded that Plaintiff's condition was attributed to a mental disorder and fell under the 24-month mental nervous limitation of the policy.

In April 2014, Liberty sent Plaintiff a letter stating that Plaintiff's long term benefits would be approved but were subject to certain limitations, namely, the limitation due to a mental disorder with non-verifiable symptoms. During this time Plaintiff also applied for and was approved for social security benefits.

In September 2015, Liberty decided to close Plaintiff's claim and notified Plaintiff that his 24-month benefit period under the mental nervous limitation would conclude in November 2015. In May 2016, Liberty ended Plaintiff's waiver of premium under his life insurance policy.

Following the expiration of benefits, Plaintiff appealed the decision to end the benefits and premium waiver which Liberty subsequently denied.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

"A denial of benefits challenged under [ERISA] is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). When the plan confers discretionary authority, the district court applies a deferential or abuse of discretion review. Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2348 (2008).

3

Here, the policy establishes Liberty's "authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility" under it. See, e.g., Thomas v. Liberty Life Ass. Co. of Boston, 226 F. Supp. 2d 735, 742 (D. Md. 2002) (finding such language conferred discretion). Thus, an abuse of discretion standard applies. Under the abuse of discretion standard, a court will not disturb a plan administrator's decision if the decision is reasonable, even if the court would have come to a contrary conclusion independently. Williams v. Metropolitan Life Ins. Co., 609 F. 3d 622, 630 (4th Cir. 2010). "To be held reasonable, the administrator's decision must result from a deliberate, principled reasoning process and be supported by substantial evidence." Williams, 609 F.3d at 630. Substantial evidence is "evidence that a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Fourth Circuit has identified eight nonexclusive factors that a court may consider to determine abuse of discretion by a claims administrator:

(1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision making process was reasoned and principled; (6) whether the decision was consistent with the

4

procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.
Williams, 609 F.3d at 630 (quoting Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 342-43 (4th Cir. 2000)).

Here, taking into consideration the Booth factors, to the extent they are relevant, the Court finds no evidence that Liberty abused its discretion.[1] Liberty's process was reasoned and principled, it had adequate materials that supported its decision, and the determination was not outweighed by any possible motives or conflicts of interest.

Liberty's decision making process was reasoned and principled. The claim process spanned roughly five years; involved the request and review of medical records from Plaintiff's treating doctors; sought the review and analysis from four additional doctors; made benefit payments to Plaintiff before the investigation on the claim was complete; and notified and explained to Plaintiff Liberty's determinations.

While Plaintiff may not have agreed with Liberty's consulting doctors on their determinations regarding his health, Liberty's actions do not amount to abuse of discretion. Throughout the claim process Liberty's letters included the

---

[1] As the Fourth Circuit has indicated, not every Booth factor is relevant in every case. Champion, 550 F.2d at 361.

5

specific reasons for denial and reference to pertinent policy provisions on which the denials were based. The letters also included a description of additional material or information that Plaintiff could submit as part of an appeal, which Plaintiff engaged in, in addition to a description of the review procedures and the time limits applicable to such procedures.

Liberty's decision was supported by substantial evidence. Specifically, Liberty's decision was supported with Dr. Belliveau's clinical case review in 2013; an independent neuropsychological evaluation; a 2016 neurology peer review; Dr. Crouse's 2016 mental status examination; a transferrable skill analysis; and Plaintiff's own medical records.

Finally, Liberty's determination was not outweighed by any competing motives or conflicts of interest. Liberty provided a well-reasoned justification for its decision denying further benefits, based on extensive records provided by Plaintiff and through its own research and analysis. Utilizing the combination-of-factors method employed in Booth, the Court concludes that Liberty did not abuse its discretion in terminating Plaintiff's benefits and premium waiver.

For the reasons stated above, Defendant's Motion for Summary Judgement should be GRANTED.

An appropriate order shall issue.

6

Alexandria, Virginia
May 29, 2018

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE